BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
**JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444**
**FIRST ASSISTANT UNITED STATES ATTORNEY**
**CHRISTINE G. ENGLAND, IDAHO STATE BAR NO. 11390**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:   (208) 334-9375
Email: Justin.Whatcott@usdoj.gov
         Christine.England@usdoj.gov

Attorneys for Federal Respondents

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| ANTONIO PEREZ CAMACHO, | Case No. 1:25-CV-00593-BLW |
|---|---|
| Petitioner, | |
| v. | **DECLARATION OF KENNETH W. PORTER** |
| MIKE HOLLINSHEAD, Sheriff, Elmore County; KENNETH PORTER, Director of Boise U.S. Immigration and Customs Enforcement Field Sub-Office; JASON KNIGHT, Director of the Salt Lake City U.S. Immigration and Customs Enforcement Field Office; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; and PAM BONDI, Attorney General of the United States, in their official capacities, | |
| Respondents. | |

**DECLARATION OF KENNETH W. PORTER**
**(Antonio Perez Camacho)** - 1

I, Kenneth W. Porter, pursuant to 28 U.S.C. § 1746, and based on my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby declare as follows relating to the above-captioned matter:

1. I am employed as an Assistant Field Office Director ("AFOD") for the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") Salt Lake City Field Office ("ERO Salt Lake City"). I have been employed with ICE ERO / legacy INS since June 2002 and have been in my current role as an AFOD since August 29, 2022. My duty station is at the ERO Sub-office in Boise, Idaho ("ERO Boise"). I am the second line supervisor assigned to oversee the case of Antonio Perez Camacho, A245851147 ("Petitioner").

2. I provide this declaration based on my personal knowledge, review of the case file, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, and information portals maintained and relied upon by DHS in the regular course of business.

3. I have reviewed the case of Antonio Perez Camacho ("Petitioner"), who is in ICE custody at the Elmore County Jail in Mountain Home, Idaho.

4. Petitioner is a native and citizen of Mexico.

5. Petitioner illegally entered the United States at an unknown location.

6. Petitioner was not admitted to the United States.

7. Petitioner was not paroled into the United States.

8. Petitioner has no known criminal history.

9. Petitioner was encountered by ERO Boise on October 19, 2025, as part of a separate criminal investigation. During the identification process, it was determined that the Petitioner is a citizen and national of Mexico by virtue of birth and that he was not in possession of valid immigration documents allowing him to be or remain in the United States legally.

10. ICE took custody of Petitioner and transported him to the ERO Boise office in Boise, Idaho, for processing. After processing, ICE detained Petitioner at the Elmore County Jail in Mountain Home, Idaho.

11. ICE detained Petitioner pursuant to 8 U.S.C. § 1225(b).

12. The United States Border Patrol (USPB) previously issued a Notice to Appear ("NTA") for Petitioner on February 26, 2024, initiating removal proceedings under 8 U.S.C. § 1229a, before the Executive Office for Immigration Review ("EOIR"). The NTA charged Petitioner with being inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated). The NTA classified Petitioner as an alien present in the United States who has not been admitted or paroled.

13. ICE also issued a warrant for Petitioner's arrest because he is subject to removal from the United States and removal proceedings were initiated against him.

14. Petitioner's removal proceedings remain pending before EOIR, a change of venue of the Petitioners case has been requested for a detained hearing before an immigration judge in Las Vegas, Nevada.

15. For EOIR hearings, ERO Boise transfers detainees to a detention facility in the geographic jurisdiction of EOIR Las Vegas, Nevada, for detained hearings. To date, EOIR Las Vegas has not permitted immigration hearings to be held for those detained in ICE custody in

Idaho, even using video teleconferencing technology, claiming not to have jurisdiction for detainees held in Idaho.

16. EOIR in Portland, Oregon, is the immigration court with limited jurisdiction for the State of Idaho. EOIR Portland, Oregon, holds immigration hearings for non-detained respondents who live in Idaho. EOIR Portland, Oregon, does not have a detained docket calendar or an immigration judge that can hold hearings for respondents in ICE detention in Idaho.

17. Before filing his Habeas Petition, Petitioner did not request a bond hearing before an immigration judge.

18. Petitioner remains detained at the Elmore County Jail in Mountain Home, Idaho, until he can be transferred to Las Vegas, Nevada, for administrative removal proceedings.

Executed this 30th day of October 2025.

_____
**KENNETH W. PORTER**
Assistant Field Office Director
U.S. Immigration and Customs Enforcement